# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN SCHMIDT, et al.,

      Plaintiffs,

v.                                                                         Case No. 08-C-1035

BASSETT FURNITURE INDUSTRIES, et al.,

      Defendant.

# MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Wahlquist Management Corporation's Fed R. Civ. P. 12(b)(6) motion to dismiss three of Plaintiffs' claims against Wahlquist. (Dkt. 68.) Specifically, Wahlquist seeks to dismiss Plaintiffs' claims for: (1) interference with contract; (2) common law conspiracy; and (3) racketeering. Plaintiffs filed a timely brief in opposition. (Dkt. 70.) Wahlquist did not file a reply brief within fourteen days as required by Civil L. R. 7(c) and has not requested additional time to file a reply. Accordingly this motion is fully briefed and ripe for disposition. The essential facts alleged by the Plaintiffs are described in my previous decision and order granting in part and denying in part the Defendants' motions to dismiss the original complaint (Doc. 41) and will not be repeated here.

First I turn to a relatively straightforward issue. Plaintiffs concede that their racketeering claim under Wisconsin's Organized Crime Control Act is controlled by this Court's prior dismissal of the racketeering claim. (Decision and Order, Dkt. 41 at 26-27.) Nevertheless Plaintiffs again include a racketeering claim in their third amended in an attempt to "preserve [the plaintiffs' and proposed class'] rights." (Dkt. 70 at 4.) Because Plaintiffs do not offer any new argument as to why

the racketeering claim should not now be dismissed as it was before, no further discussion is necessary. Accordingly, Wahlquist's motion to dismiss Plaintiffs' racketeering charge will be granted.

Next, Wahlquist moves to dismiss Plaintiffs' claim for interference with contract. Plaintiffs allege that Wahlquist interfered with the contract between Sales Manager Mark Sonday and the other sales associates, and Ewald Industries. Ewald Industries allegedly hired Sonday and the other associates to conduct the liquidation sale. Plaintiffs allege that if this is true then Wahlquist interfered with that contract by transferring them out of the store after the first stage of the sale and replacing them with incompetent personnel. Plaintiffs allege that Wahlquist's replacement of the original sales force with an incompetent one "contributed to the injury and damages sustained by the plaintiffs and the Class." (Third Am. Complt., Doc. 63, ¶ 46.)

> In Wisconsin the elements of a claim for tortious interference with a contract are:
>
> (1) the plaintiff must have had a contract or a prospective contractual relationship with a third party; (2) the defendant must have interfered with that relationship; (3) the interference by the defendant must have been intentional; (4) there must be a causal connection between the interference and damages; and (5) the defendant must not have been justified or privileged to interfere.

*Select Creations, Inc. v. Paliafito America, Inc.,* 911 F. Supp. 1130, 1156 (E.D. Wis.1995). Tortious interference is a third party's improper, intentional and unjustified interference with a party's performance of a contract. *See Dorr v. Sacred Heart Hosp.,* 597 N.W.2d 462 (Wis. Ct. App. 1999). To succeed on such a claim Plaintiff must plead that there was an actual or prospective contract between the Plaintiffs and a third party. *Shank v. William R. Hague, Inc.,* 192 F.3d 675, 681 (7th Cir. 1999). Wahlquist argues that the Plaintiffs in this case—individual customers who placed orders for furniture—are not parties to the contract between Ewald Enterprises and Mark Sonday. Because Plaintiffs are not parties to the contract they lack standing to pursue a tort claim

2

for interference with contract. *CSY Liquidating Corp. v. Harris Trust & Savings Bank,* 162 F.3d 929, 932 (7th Cir. 1998) (analyzing Illinois law on interference with a contract). As the Seventh Circuit explained:

> the tort of intentional interference with contract is meant to protect the parties (including third-party beneficiaries, assignees, and others having the rights of parties) to contracts, rather than persons who might be harmed by a breach of someone else's contract.

*Id.* (internal citations omitted). Plaintiffs seize on the parenthetical portion of this language and argue that the *CSY Liquidating* decision would allow third party beneficiaries and others "having the rights of parties" to sue for interference with a contract. But, instead of arguing that they have the rights of parties or are third-party beneficiaries, Plaintiffs suggest that this Court should defer ruling on this question until a full evidentiary record is developed.

Plaintiffs' request is unpersuasive. While no Wisconsin decision is directly on point, the fact remains that under the current state of Wisconsin law Plaintiffs must plead that they "have had a contract or a prospective contractual relationship with a third party". *Select Creations, Inc. v. Paliafito America, Inc.* 911 F. Supp. at 1156. Because Plaintiffs here have not so pled, I will dismiss their tort claim for interference with a contract under Fed. R. Civ. P. 12(b)(6).

Finally, Wahlquist moves to dismiss Claim Four, Plaintiffs' common law conspiracy charge. This Court previously dismissed Plaintiffs' claim for civil conspiracy to the extent it constitutes a claim separate from Plaintiffs' claims for statutory theft and common law fraud, reasoning:

> Unlike criminal conspiracy, a civil conspiracy claim is not an independent cause of action, but is only the mechanism for subjecting co-conspirators to liability when one of their members committed a tortious act. *Beck v. Prupis,* 529 U.S. 494, 503 (2000). A civil conspiracy is an "agreement between two or more persons to commit an unlawful act that causes damage to a person or property." *Black's Law Dictionary,* 305 (7th ed. 1999). Each member of the conspiracy is liable for the actions of others committed pursuant to and in furtherance of its object. Thus, a civil conspiracy "is not independently actionable; rather it is a means for establishing

3

vicarious liability for the underlying tort." *Beck v. Prupis,* 529 U.S. at 503 (quoting *Halberstam v. Welch,* 705 F.2d 472, 479 (C.A.D.C.1983)). Plaintiffs' claim for conspiracy (Count Five), to the extent it constitutes a separate claim from Counts Three and Six, will therefore be dismissed.

Plaintiffs' third amended complaint again alleges a separate claim for common law conspiracy. (Dkt. 63 ¶ ¶ 41 - 42.)

In my previous decision dismissing Plaintiffs' claim for civil conspiracy, I noted even though the claim for civil conspiracy was dismissed, conspiracy was still in the case and I then went on to conclude that the allegations were sufficient to support the Plaintiffs' claim that the Defendants may be vicariously liable for the actions of other alleged co-conspirators. (Decision, Doc. 41, at 19-25.) The point I was trying to make is that Plaintiffs' claims for common law fraud and statutory theft against the Defendants already assumed the principles of vicarious liability that conspiracy law entails and thus there was no point in cluttering up the complaint with a separate conspiracy count. Upon further consideration and given the essential function a complaint serves of providing notice to the Defendants of the precise claims the Plaintiffs are asserting, I now conclude that the better practice is to allow the separately pleaded conspiracy count to continue. Accordingly, Wahlquist's motion to dismiss Claim Four will be denied.

Accordingly, and for the reasons set forth above, Defendant Wahlquist's Motion to Dismiss is **GRANTED** as to Claims Six and Seven. The motion is **DENIED** as to Claim Four.

**SO ORDERED** this  21st  day of October, 2010.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge